IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ISAIAH WALKER**, | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 2:22-cv-03154 |
| v. | : | |
| | : | |
| **SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY (SEPTA)**, | : | |
| Defendant. | : | |

**PLAINTIFF ISAIAH WALKER'S PRETRIAL MEMORANDUM**

This Pretrial Memorandum is submitted on behalf of the Plaintiff, Isaiah Walker, in his action against the Southeastern Pennsylvania Transportation Authority (SEPTA), herein referred to as the Defendant.

## I. CLAIMS

Plaintiff seeks redress for Defendant's failure to provide a reasonable accommodation and the subsequent termination of Mr. Walker's employment, in violation of the Americans with Disabilities Act (ADA) and the Family and Medical Leave Act (FMLA). Despite Mr. Walker's explicit notification of his disability and repeated requests for accommodations, Defendant disregarded these requests and failed to engage in the legally mandated interactive process to identify a reasonable accommodation. This failure culminated in Mr. Walker's termination, ostensibly for reasons related to his disability and need for FMLA leave, rather than any legitimate performance concerns or accumulation of attendance points in violation of Defendant's attendance policy.

- **Capability to Perform Job Functions:** Mr. Walker demonstrated his ability to perform the essential functions of his role as a bus operator both with and without accommodation. The assertion by the Defendant that Mr. Walker could not perform his

1

job functions without strict adherence to scheduled start times is not substantiated by evidence. Furthermore, there is no evidence provided by Defendant to support the claim that regular, on-site attendance is an essential requirement of Mr. Walker's job, particularly given the nature of his requests and the accommodations that could have been made.

- **Failure to Engage in the Interactive Process:** The record clearly shows Mr. Walker made multiple requests for a reasonable accommodation, which were ignored by the Defendant. This indicates a failure on the part of the Defendant to engage in the interactive process as required by the ADA. Mr. Walker's attempts to secure FMLA leave for his absences due to illness further highlights Defendant's disregard for its obligations under the law.

- **Timing of Termination:** The timing of Mr. Walker's termination—shortly after his request for a flexible work schedule to manage his disability and while he was on FMLA leave—suggests that Defendant had no intention of accommodating his disability. This action by the Defendant is pretext for discrimination against Mr. Walker due to his disability and the risk associated with his condition during the COVID-19 pandemic.

Defendant's rigid adherence to its attendance policy, without consideration of Mr. Walker's disability or the reasonable accommodations that could have allowed him to perform his job effectively, constitutes a failure to accommodate under the ADA. Moreover, Mr. Walker's termination, under the circumstances described, also constitutes unlawful discrimination based on disability and a violation of his rights under the FMLA.

## II.　**DEFENSES**

Defendant denies Plaintiff's allegations, claiming that all actions taken were for non-discriminatory legitimate business reasons. More specifically, Defendant claims that Mr. Walker was not entitled to FMLA because he accrued attendance points over the permissible amount by Defendant and that Mr. Walker failed to request an accommodation. Mr. Walker has provided record evidence refuting these alleged defenses in his Opposition to Defendant's Motion for Summary Judgment.

## III.     RELIEF SOUGHT

**For the ADA Claim:**

- Non-Economic Damages: Compensation for pain and suffering, emotional distress, inconvenience, loss of enjoyment of life, and other non-pecuniary losses as a result of the Defendant's failure to accommodate the Plaintiff's disability and subsequent termination of employment.

- Economic Damages: Compensation for lost wages, benefits (including health insurance), and other financial losses incurred as a direct result of the Defendant's discriminatory actions. This includes back pay from the date of termination to the date of judgment, and front pay moving forward, in lieu of reinstatement, if deemed appropriate by the Court.

**For the FMLA Claim:**

- Non-Economic Damages: Compensation for emotional distress and any other non-pecuniary harm suffered as a result of the Defendant's violation of the FMLA, including but not limited to stress, anxiety, and depression resulting from the loss of job security and health benefits during a period of medical need.

- Economic Damages: Recovery of lost wages, salary, employment benefits, or other compensation denied or lost to the Plaintiff by reason of the Defendant's violations, including interest on the lost amounts.

In addition to the specific relief requested for each claim, the Plaintiff seeks the following:

- An award of reasonable attorney's fees and costs associated with bringing this action.
- Prejudgment and post-judgment interest on any monetary awards at the rate provided by law.
- Any other relief the Court deems just and proper to fully compensate the Plaintiff for the Defendant's unlawful actions.

Plaintiff asserts these requests for relief in good faith, based on the facts of the case and the injuries suffered as a direct result of the Defendant's actions, which violated the provisions of the ADA and FMLA.

## IV.     WITNESSES

   A. Isaiah Walker

- **Isaiah Walker** – Defendant's failure to accommodate him for his disability as well as provide him with FMLA leave.

B. David J. Axelrod

- **David J. Axelrod, M.D.** – Dr. Axelrod, serving as the Plaintiff's primary physician, possesses extensive knowledge of Isaiah Walker's medical condition, specifically his battle with sickle cell anemia. Dr. Axelrod is anticipated to provide testimony regarding the nature and severity of Mr. Walker's disability, the typical symptoms associated with sickle cell anemia, and the ways in which these symptoms can impact an individual's daily activities, including their capacity to maintain regular work hours.

C. Jeff Bankston

- **Jeff Bankston** – As the Assistant Director of Transportation, Jeff Bankston is positioned to provide crucial testimony on the internal operations and policies of SEPTA, particularly in relation to the handling of discrimination and retaliation claims. Mr. Bankston's testimony is expected to shed light on the specific allegations of discrimination and retaliation made against SEPTA.

D. Richard Duckett

- **Richard Duckett** – As the Director of Transportation for SEPTA's Midvale District, Richard Duckett brings to the table comprehensive insight into the operational protocols and employee management practices within the district.

E. Ryan Lock

- **Ryan Z. Lock** – As a Director of Transportation, Ryan Z. Lock holds a key leadership position within SEPTA, providing him with a broad overview of the organization's transportation operations, employee management practices, and compliance with regulatory requirements.

F. Latoya Reid

- **Latoya R. Reid** – Serving as a Patient Service Technician, Latoya R. Reid is expected to offer vital testimony regarding the nature of Mr. Walker's disability from a practical, day-to-day perspective, as well as insight into general practices concerning accommodations for employees with medical conditions similar to Mr. Walker's.

G. Vicky Duggan

- **Vicky L. Duggan** – As SEPTA's Absence Management Program Manager, Vicky L. Duggan is poised to provide critical insight into the procedures and policies surrounding employee absences, the handling of FMLA requests, and accommodations for disabilities within the organization.

H. Any witness that Defendant lists on their witness list.

V. **EXHIBIT LIST[1]**

A. Any document that the Parties have produced in this matter.

B. The deposition transcript of Isaiah Walker.

C. The deposition transcript of Jeff Bankston.

D. The deposition transcript of Carol O'Neal.

E. Mr. Walker's medical excuses letters for absences from work at Defendant from Mr. Walker's physicians.

F. A June 29, 2020 email from Jeff Bankston, Assistant Director of Transportation at Defendant, to Mr. Walker regarding COVID-19 FMLA leave because of Mr. Walker's pre-existing condition of sickle cell disease. This email shows that Defendant was aware of Mr. Walker's disability well before his accommodation request.

G. Defendant's Medical Fitness Determination of Mr. Walker. ECF 27-12:6.

H. Mr. Walker's Attendance Point History. ECF 27-16.

I. Mr. Walker's formal hearing regarding his grievance of his attendance points. ECF 27-15.

J. Mr. Walker's FMLA records while employed at Defendant. ECF 27-19.

K. Mr. Walker reserves the right to utilize any exhibit on Defendant's exhibit list.

VI. **DEMAND AND OFFER FOR SETTLEMENT**

---

[1] Plaintiff reserves the right to amend or supplement this exhibit and witness list as necessary.

Plaintiff's last demand was $100,000.00. Defendant did not respond and refused Plaintiff's suggestion to attend a settlement conference and resolve this matter.

## VII. ANTICIPATED LENGTH OF JURY

Plaintiff anticipates that trial will last two or three days, excluding jury selection.

Respectfully submitted,

Dated: April 9, 2024

*/s/ Austin D. Skelton*
Andrew Lacy, Jr. Esq.
Austin D. Skelton, Esq.
**THE LACY EMPLOYMENT LAW FIRM LLC**
3675 Market Street, Suite 200
Philadelphia, PA19104
(t) 412-301-3908
andrew.lacy@employment-labor-law.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

Plaintiff certifies that the foregoing was filed with the Court and served upon counsel listed via electronic mail:

William K. Kennedy
wkennedy@mmwr.com
Elizabeth M. Catalano
ecatalano@mmwr.com
**MONTGOMERY McCRACKEN WALKER & RHOADS LLP**
1735 Market Street, 21st Floor
Philadelphia, PA 19103
(215) 772-1500

*Attorneys for Defendant*

|  |  |
|---|---|
| Dated: April 9, 2024 | */s/ Austin D. Skelton*<br>Andrew Lacy, Jr. Esq.<br>Austin D. Skelton, Esq.<br>**THE LACY EMPLOYMENT LAW FIRM LLC**<br>3675 Market Street, Suite 200<br>Philadelphia, PA19104<br>(t) 412-301-3908<br>andrew.lacy@employment-labor-law.com<br><br>*Counsel for Plaintiff* |