IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ISAIAH WALKER,                          :
                                        :          No. 22-cv-3154-JMY
          vs.                           :
                                        :
SOUTHEASTERN PENNSYLVANIA               :
TRANSPORTATION AUTHORITY.               :

## MEMORANDUM

**Younge, J.**                                          March 12, 2026

Currently before this Court is a Supplemental Motion for Summary Judgment filed by Defendant, Southeastern Pennsylvania Transportation Authority.  (Supplemental Motion for Summary Judgment, ECF No. 43.)  Defendant filed its Supplemental Motion after the Third Circuit Court of Appeals decided to remand this litigation back to this Court following its decision to reverse, in part, an Order that was entered by this Court that granted summary judgment in favor of Defendant.  The Court finds this matter appropriate for disposition without oral argument.  See Fed. R. Civ. P. 78, L.R. 7.1(f).  For the reasons set forth below, Defendant's renewed Supplemental Motion for Summary Judgment will be denied.

## I.      RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY:

### I.A.    Relevant Factual Background:

A thorough and complete discussion of the factual record for this matter is set forth in the Memorandum previously entered by this Court when it granted Defendant's original motion for summary judgment.  (Memorandum page 3-8, ECF No. 35.)  However, to briefly summarize the relevant fact pattern, Plaintiff suffered with chronic complications from Sickle Cell Anemia.  (Plaintiff's Response in Opposition page 4, ECF No. 44.)  Plaintiff also had problems finding childcare – someone to watch his child – on days that he had to work.  (*Id.*)  As a result of both

his health condition and parental responsibilities, Plaintiff missed time from work and was eventually terminated from his position as a bus driver for Defendant SEPTA.  (*Id.* page 5-6.) Defendant's proffered justification for terminating Plaintiff was his accumulation of too many attendance policy violations.  (Supplemental Motion for Summary Judgment pages 15, 18.)

Defendant argues that Plaintiff missed too much time from work when he called out on June 7, 2021.  (*Id.*)  Plaintiff disputes Defendant's claim that when he called out absent on June 7, 2021, he told the dispatcher that he would not be reporting to work because he did not have a babysitter.  (Plaintiff's Response in Opposition page 1.)  Instead, Plaintiff claims he told the dispatcher that he needed to go to the hospital, and he wanted to use an "emergency at home" (EAH) for not having a babysitter.  (*Id.*)  During his deposition, Plaintiff testified that he told the dispatcher that he was calling out because he needed to go to the hospital, but then asked the dispatcher to mark him down for the stated explanation of "no baby sitter" which resulted in him using an "emergency at home" (EAH) day which in turn brought him to 20 attendance point violations.  (Plaintiff's Deposition pages 93, 106, 107, 109-110, ECF No. 27-13.)

Later that day, on June 7, 2021, Plaintiff made a request for time off under the Family and Medical Leave Act ("FMLA") that was ultimately granted by Defendant.  (Def's Statement of Undisputed Material Facts ¶¶ 26-30, ECF No. 43-1.)  Defendant approved Plaintiff's request for FMLA leave, and then fired Plaintiff after he returned from FMLA leave.  (*Id.*)  Defendant alleges that it fired Plaintiff for the June 7, 2021, attendance policy violation – the emergency at home "No Babysitter" call out.  (Supplemental Motion for Summary Judgment page 7-8.) Defendant alleges that Plaintiff exceeded his permissible number of absences in violation of the work resumption agreement he entered with Defendant after he accumulated an excessive

number of attendance disciplinary points under the terms of the Collective Bargaining Agreement with the Transportation Workers Union 234.  (*Id.*)

### I.B.    Procedural History:

Defendant filed a motion for summary judgment on December 7, 2023.  (Motion for Summary Judgment, ECF No. 27.)  On June 20, 2024, this Court entered an Order and Memorandum granting summary judgment in favor of Defendant.  (Order & Memorandum, ECF Nos. 35-36.)  In granting summary judgment on Plaintiff's FMLA based claims, this Court decided that Plaintiff failed to properly provide Defendant with notice of his intent to invoke his rights and protections under the FMLA when he called out of work on June 7, 2021.  (*Id.*)

Plaintiff, thereafter, filed a Notice of Appeal with this Court and the Court of Appeals for the Third Circuit.  (Notice of Appeal, ECF No. 37.)  On July 7, 2025, the Third Circuit Court of Appeals issued a non-precedential Opinion affirming the Order granting summary judgment on Plaintiff's ADA claims, vacating the Order granting summary judgment on the FMLA claims, and remanding this litigation for further proceedings.  *Walker v. SEPTA,* No. 24-2275, 2025 WL 1879521, at *3 (3d Cir. July 8, 2025) (Order and Opinion, ECF No. 39).  The Third Circuit Court of Appeals held that Plaintiff produced sufficient evidence to create a disputed issue of material fact on the question of whether Plaintiff had provided Defendant with adequate notice of his intent to invoke his rights and protections under the FMLA when he called out on June 7, 2021. *Id.* page 7.  The Third Circuit Court also remanded this lawsuit back to this Court to consider whether a fact-finding body should decide the remaining aspects of Plaintiff's FMLA claims. Specifically, the Third Circuit Court wrote:

> Because the District Court considered only notice . . . which is one element of the *prima facie* case for both the FMLA interference and retaliation claims . . . we will leave analysis of the remaining elements to the District Court on remand[.]

3

*Walker v. SEPTA*, 2025 WL 1879521, at *3 (Memorandum page 8. n.9).

On September 24, 2025, this Court held a status conference with the Parties, and at the conclusion of this status conference, it granted Defendant's request to file a supplemental motion for summary judgment on the remaining elements of the FMLA interference and retaliation claims. Defendant's Supplement Motion for Summary Judgment is now before the Court.

## II.    LEGAL STANDARD:

Summary Judgment is appropriate if the movant shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012). To defeat a motion for summary judgment, there must be a factual dispute that is both genuine and material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 24-49 (1986); *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008). A material fact is one that "might affect the outcome of the suit under the governing law[.]" *Anderson*, 477 U.S. at 248. A dispute over a material fact is "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Id*.

The movant bears the initial burden of demonstrating the absence of a genuine dispute of a material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016). When the movant is the defendant, they have the burden of demonstrating that the plaintiff "has failed to establish one or more essential elements of her case." *Burton v. Teleflex Inc.,* 707 F.3d 417, 425 (3d Cir. 2013). If the movant sustains their initial burden, "the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At the summary judgment stage, the court's role is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249; *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007). In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. *See Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132, 140 (3d Cir. 2001). Nonetheless, the court must be mindful that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

## III.    DISCUSSION:

In its Supplemental Motion for Summary Judgment, Defendant seeks dismissal of claims based on legal theories of FMLA Interference and FMLA Retaliation. The Court will deny Defendant's Motion for Summary Judgment because – as will be discussed in more detail hereinbelow – Plaintiff has established that legitimate disputed issues of material fact remain for a finder of fact to decide.

### A.    FMLA Interference:

To state a claim for FMLA interference, a plaintiff must allege that: "(1) . . . [he or she] was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of . . . [his or her] intention to take FMLA leave; and (5) the plaintiff was denied benefits to which . . . [he or she] was entitled under the FMLA." *Capps v. Mondelez Global, LLC*, 847 F.3d 144, 155 (3d Cir. Jan 30, 2017); see also *Thompson v. IKEA US Retail, LLC,* No. 21-5288, 2023 U.S. Dist. LEXIS 73282, at *23 (E.D. Pa. Apr. 27, 2023).

5

In opposition to Defendant's Supplemental Motion for Summary Judgment, Plaintiff offers sufficient evidence to create a disputed issue of material fact as to each element of the five-part test applied to evaluate FMLA Interference claims.  The Third Circuit Court of Appeals held that Plaintiff came forward with factual evidence from which a fact-finding body (a jury) could conclude that Plaintiff requested protection under the FMLA when he called out of work on June 7, 2021.  *Walker v. Southeastern Pennsylvania Transportation Authority*, 2025 WL 1879521, *3 (3rd Cir. July 8, 2025).  Plaintiff was later terminated for failing to report to work on June 7, 2021.  Given the Third Circuit Court of Appeal's holding that Plaintiff created a disputed issue of material fact on the question of notice in conjunction with the fact that Plaintiff was later terminated for calling out from work on June 7, 2021, this Court is not prepared to find that Plaintiff was not denied benefits to which he was entitled under the FMLA.  Therefore, Defendant's post-remand, Supplemental Motion for Summary Judgment is denied.

**B.      FMLA Retaliation**:

To succeed on a FMLA retaliation claim, a plaintiff must show that "(1) [he/she] invoked [his/her] right to FMLA-qualifying leave, (2) [he/she] suffered an adverse employment decision, and (3) the adverse action was causally related to [his/her] invocation of rights." *Lichtenstein v. University of Pittsburgh Med. Ctr.*, 691 F.3d 294, 302 (3d Cir. August 3, 2012).

> Because FMLA retaliation claims require proof of the employer's retaliatory intent, courts have assessed these claims through the lens of employment discrimination law.  Accordingly, claims based on circumstantial evidence have been assessed under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), while claims based on direct evidence have been assessed under the mixed-motive framework set forth in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 276-77 (1989) (O'Connor, J., concurring).

(*Id.*)

6

Under the *McDonnell Douglas* framework, a plaintiff must first establish a *prima facie* case of discrimination. *Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1108 (3d Cir. 1997). If the plaintiff succeeds, the defendant must articulate a legitimate, non-discriminatory reason for the adverse employment action. *Id*. Once the defendant employer has come forward with a legitimate business justification for the adverse action taken against the employee, the employee must come forward with evidence to establish that the proffered justification is merely a pretextual excuse for discrimination. *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). An employee may demonstrate that his employer's legitimate nondiscriminatory reason is pretextual by submitting evidence that allows a fact finder to either (1) disbelieve or discredit the employer's justification; or (2) believe discrimination was more likely than not a "but for" cause of the adverse employment action. *Abels v. Dish Network Serv.*, LLC, 507 F. App'x 179, 183 (3d Cir. 2012) (citing *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. Aug 1, 1994); *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 177-178 (2009). Evidence undermining an employer's proffered legitimate reasons must be sufficient to "support an inference that the employer did not act for its stated reasons." *Sempier v. Johnson & Higgins*, 45 F.3d 724, 731 (3d Cir. 1995).

The FMLA Retaliation claim asserted by Plaintiff survives Defendant's motion for summary judgment because there are disputed issues of material fact under the *McDonnell Douglas* burden shifting analysis. Defendant's proffered justification for terminating Plaintiff was his purported accumulation of too many attendance policy violations when he called out absent and failed to report to work on June 7, 2021. However, the Third Circuit Court of Appeals held that Plaintiff's evidence was sufficient to create a disputed issue of material fact on the question of whether he provided adequate notice of his intention to apply for leave under the FMLA during his conversation with the dispatcher when he called out absent from work on June

7

7, 2021.  Therefore, this Court is not willing to find that Plaintiff is incapable of establishing a disputed issue of material fact on the question of whether Defendant engaged in FMLA Retaliation, and it will deny Defendant's Supplemental Motion for Summary Judgment.

**IV.    CONCLUSION:**

For these reasons, Defendant's Supplemental Motion for Summary Judgment will be denied.

**BY THE COURT:**

　　/s/ John Milton Younge　　
Judge John Milton Younge